**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF PUERTO RICO**

LATIN AMERICAN MUSIC CO., INC.,
ET.AL.,

     PlaintiffS,

        v.

THE ARCHDIOCESE OF SAN JUAN OF
THE ROMAN CATHOLIC APOSTOLIC
CHURCH, ET.AL.,

     Defendants.

CV. NOS. 96-2312 (PG)
97-2356 (PG)
97-2875 (PG)
98-1597 (PG)
00-1618 (PG)

## ORDER

On May 3, 2006, the Court ordered the LAMCO parties to post supersedeas bonds in the following amounts if they wished to secure a stay pending appeal: (1) $50,000 to secure judgment for the Peer Parties, (2) $90,000 to secure judgment for ASCAP, and (3) $200,000 to secure judgment for the Special Master. (Docket No. 399). The total sum required as bond amounted to $340,000. On May 17, 2006, the LAMCO Parties submitted some documents related to a piece of real estate in purported compliance with the Court's Order, and restated their request for a stay of the execution of the judgments pending appeal. (Docket Nos. 402-404). Having considered the LAMCO Parties' submissions and the judgment creditors' responses thereto, and for the reasons that follow, the Court **DENIES** the judgment debtors' motions for supersedeas bonds and stay (Docket Nos. 402-404).

Local Rule 65.2(d) requires that a "supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus interest..., plus any award of damages for delay." Local Rule 65.2(f) further provides that "a bond or similar undertaking must be secured by:...(3) Guaranty of the Owner of Unencumbered Real Estate or Personal Property." In order for such security to be effective under the rule, it must be "unencumbered real or personal property within the United States worth the amount of the bond in excess of legal obligations or exemptions." L.Cv.R. 65.2(f)(3). Additionally, the

Cv. No. 96-2312 (PG)                                                    Page 2

following documents must be deposited with the Clerk when real estate property is submitted as surety:

(A) the original of any outstanding bearer note to which the property is subject;

(B) certified copy of the deed of sale;

( C) lender's mortgage balance certificate;

(D) property tax certification from the appropriate agency;

(E) certification from the Registry of the Property or duly authorized municipal office;

(F) original appraisal by a licensed appraiser; and

(G) certified copy of judicial Declaration of Heirs.

L.Cv.R. 65.2(f)(3).

The LAMCO Parties' submissions in this case simply do not comply with the strictures of Local Rule 65.2. As a threshold matter, the Court notes that the documents submitted are all in the Spanish language, and no translations have been provided in violation of Local Rule 16. Even ignoring this, however, it is evident from their own submissions that the real property the LAMCO parties seek to offer as security is not legally registered to their name, but is owned by Pablo Morales-Isaac and Visitación Morales-Villamil. Title was never transferred to any of the LAMCO Parties' name due to an alleged mistake by the notary public who handled the transaction. These reasons notwithstanding, the LAMCO Parties cannot secure payment of the judgments against them with real property they do not legally own.[1] While also in the Spanish language, the certification from the Registry of Property bears witness to the fact that the realty is not in any of the LAMCO Parties' name. Additionally, the LAMCO Parties have not submitted a certified copy of the deed of sale as required by Local Rule 65.2(f)(3)(B), and indeed they cannot. The deed was never recorded with the Registry of the Property of Puerto Rico because that

---

[1] Lest this analysis be deemed overly formalistic, this gap in title could open ownership to attack by the original owners' heirs.

Cv. No. 96-2312 (PG)                                                    Page 3

agency refused to accept it on account of legal and formal errors with the deed.

What is more, having acknowledged that the property is subject to some type of mortgage, the LAMCO Parties have not submitted either the originals of any outstanding bearer notes as required by Local Rule 65.2(f)(3)(A), or the lender's mortgage balance certificate as required by Local Rule 65.2(f)(3)( C). The LAMCO Parties have also neglected to file a certified copy of judicial Declaration of Heirs as required by Local Rule 65.2(f)(3)(G), which would be necessary in this case as the real property is registered to individuals who are uninvolved in the above captioned litigation, one of whom is deceased, and who might have heirs.

Finally, the LAMCO Parties' submissions are doomed by the fact that, in another case, Chief Judge José A. Fusté issued an order enjoining the LAMCO Parties "from selling, transferring, encumbering, or in any way alienating any property..." until the judgment in that case is satisfied. (Docket No. 424, Ex. 1). The LAMCO Parties were represented in the case before the Chief Judge by the same attorneys currently representing them before this Court. Being fully aware of Chief Judge Fuste's order, counsel nonetheless attempted to lead this Court to eviscerate another Judge's rulings, a decision that borders on (if not exemplifies) contempt. The Court will neither participate in, nor tolerate such stratagems.

For the reasons set forth above, the LAMCO Parties' application for a supersedeas bond and for a stay of execution pending appeal is **DENIED.** A separate order of execution shall issue forthwith.


     **SO ORDERED.**

In San Juan, Puerto Rico, July 6, 2006.


                              S/JUAN M. PÉREZ-GIMÉNEZ
                              UNITED STATES DISTRICT JUDGE