**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| LATIN AMERICAN MUSIC CO., INC., ET.AL.,<br><br>      PlaintiffS,<br><br>           v.<br><br>THE ARCHDIOCESE OF SAN JUAN OF THE ROMAN CATHOLIC APOSTOLIC CHURCH, ET.AL.,<br><br>      Defendants. | CV. NOS. 96-2312 (PG)<br>97-2356 (PG)<br>97-2875 (PG)<br>98-1597 (PG)<br>00-1618 (PG) |

**OPINION AND ORDER**

Before the Court is plaintiffs LAMCO and ACEMLA's "Motion for Reconsideration Pursuant to Rule 59(e)," (Docket No. 433). For the reasons set forth below, plaintiffs' motion is **DENIED**.

A motion for reconsideration is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. Rosario Rivera v. PS Group of P.R., Inc., 186 F. Supp. 2d 63, 65 (D.P.R. 2002). See generally Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment.") (emphasis supplied). These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence. F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); Nat'l Metal Finishing Co. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Neither are Rule 59(e) motions appropriate "to repeat old arguments previously considered and rejected." Nat'l Metal Finishing Co., 899 F.2d at 123; accord Berrios-Berrios v. Commonwealth of P.R., 205 F. Supp. 2d 1, 2 (D.P.R. 2002); Colón v. Fraticelli, 181 F. Supp. 2d 48, 49 (D.P.R. 2002). For these reasons,

Cv. No. 96-2312 (PG)                                                    Page 2

motions for reconsideration are "extraordinary remedies which should be used sparingly," <u>Nat'l Metal Finishing Co.</u>, 899 F.2d at 123, and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed. 1995).

Quite simply, plaintiffs' Motion for Reconsideration does not bring forth any new evidence, nor does it raise manifest errors or novel theories of law that would warrant reconsideration of the Court's July 6, 2006 orders rejecting the judgment debtors' proposed supersedeas bond as insufficient and ordering execution of the judgments weighing against them. (Docket Nos. 431 and 432). Because plaintiff merely restates arguments that were or could have been raised previously, his Motion for Reconsideration must be, and hereby is, **DENIED.** The Clerk shall execute the judgments against the LAMCO parties without delay as previously ordered. (Docket No. 432).

**SO ORDERED.**

In San Juan, Puerto Rico, August 15, 2006.

S/JUAN M. PÉREZ-GIMÉNEZ
U.S. DISTRICT JUDGE