|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| LATIN AMERICAN MUSIC CO., INC.,<br>et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARCHDIOCESE OF SAN JUAN OF THE<br>ROMAN CATHOLIC AND APOSTOLIC<br>CHURCH, et al.,<br><br>    Defendants. | Civil No. 96-2312 (JAF) |

**OPINION AND ORDER**

The American Society of Composers, Authors, and Publishers ("ASCAP"), a third-party defendant, moves to enforce an order for execution of judgment. (Docket No. 571.) Plaintiff Latin American Music Co., Inc. ("LAMCO") opposes this motion (Docket No. 572), and ASCAP replies (Docket No. 579). ASCAP also moves to recover from LAMCO attorney's fees under 17 U.S.C. § 505 and costs under 28 U.S.C. § 1920. (Docket No. 573.)

**I.**

**Factual and Procedural Synopsis**

In October 1996, LAMCO sued several local radio broadcasters for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101-1332, alleging infringement of LAMCO's rights to fifty songs. (See Docket No. 362.) Some of these broadcasters followed with third-party complaints

Civil No. 96-2312 (JAF) -2-

against ASCAP, claiming indemnification in the event that they were held liable for infringement. (See id.)

In late 1998, ASCAP moved for partial summary judgment on the ownership of five songs, including "Caballo Viejo" by Simón Díaz and "Ojos Chinos" by Rogelio "Kit" Vélez. (See Docket No. 172.) After protracted delay due to LAMCO's dilatory tactics (Docket No. 362), this court issued an opinion and order on April 18, 2001, finding that ASCAP owned the rights to "Caballo Viejo." (Docket No. 172). Although the court found that LAMCO had priority in right over "Ojos Chinos," the court dismissed LAMCO's action based on that song. (Id.) On appeal, the First Circuit reversed this court's determination as to the ownership of "Caballo Viejo" and remanded the case for a jury trial on that issue. Latin Am. Music Co. v. Archdiocese of San Juan of the Roman Catholic & Apostolic Church, 499 F.3d 32, 39 (1st Cir. 2007). On February 19, 2008, the jury rendered a verdict finding that the song belonged to ASCAP, not LAMCO (Docket No. 561), and on March 3, 2008, we rendered an amended judgment consistent with this verdict (Docket No. 566).[1]

On March 4, 2008, ASCAP moved to disburse $75,726.14 from certain funds deposited by Televicentro of Puerto Rico, Inc. ("Televicentro"). (Docket No. 570.) ASCAP premised this motion upon our order for execution of judgment dated July 6, 2006, which ordered LAMCO to pay attorney's fees, costs, and interest to ASCAP based on an earlier assessment against LAMCO. (Docket No. 432.) We granted this motion on April 11, 2008. (Docket No. 581.)

---

[1] The First Circuit affirmed our judgment on January 29, 2010. (Docket No. 601.)

Civil No. 96-2312 (JAF)                                                                                                      -3-

On March 4, 2008, ASCAP also moved to enforce our order for execution of judgment. (Docket No. 571.) In this second motion, ASCAP sought to recover additional attorney's fees and costs, incurred subsequent to August 17, 2005, and argued that we should retain additional funds deposited by Televicentro to satisfy this claim. (Id.) ASCAP framed this second motion as merely a request to extend our order for execution of judgment. (Id.)

On March 17, 2008, ASCAP filed a third motion, to recover attorney's fees and costs in the amount of $82,456.54 incurred between August 17, 2005, and February 29, 2008. (Docket No. 573.) Citing 17 U.S.C. § 505, ASCAP appended schedules detailing the hours and rates for the work undertaken by its counsel. (Id.) ASCAP's claim includes tasks performed by attorneys Diego A. Ramos, Luis A. Oliver, José L. Ramírez, and Roberto A. Cámara, of Fiddler González & Rodríguez P.S.C., a law firm based in Puerto Rico. (Docket No. 573-2.) To this schedule, ASCAP appends the legal qualifications of Ramos, a partner at the firm. (Id.) ASCAP also submits another schedule detailing the legal services performed by Holland & Knight, LLP, a law firm that ASCAP retained to present its appellate arguments before the First Circuit. (Docket No. 573-3.) To this second schedule, ASCAP appends a description of the qualifications of Stephen S. Young, a law partner; Benjamin M. McGovern and Elizabeth A. Mulcahy, two mid-level associates who were admitted to legal practice in the District of Massachusetts; Nathaniel F. Hulme, a paralegal; and Tara J. Myslinki, a law-school graduate who was an associate. (Id.) Lastly, ASCAP lists costs that it seeks to recover (Docket No. 573-4) and provides supporting records (Docket Nos. 573-5; 573-6; 573-7; 573-8; 573-9). LAMCO filed a brief in opposition to ASCAP's motion for enforcement,

Civil No. 96-2312 (JAF)                                                                                                          -4-

presenting arguments against the assessment of attorney's fees (Docket No. 572), and ASCAP replied (Docket No. 579).[2]

## II.

## Analysis

### A. Motion to Enforce Order for Execution of Judgment

We granted ASCAP's motion to disburse funds, which was premised upon our earlier order for execution of judgment. (Docket No. 581.) Thus, ASCAP's cumulative motion to enforce the order for execution of judgment is moot. To the extent that ASCAP's petition for additional attorney's fees relies on the same order, we also deny this request as moot. (See id.)

### B. Attorney's Fees

LAMCO argues that we should not award attorney's fees to ASCAP because: (1) the petition was not timely filed; (2) fees are barred by statute; (3) LAMCO prevailed with respect to "Ojos Chinos;" and (4) the demanded fee is unreasonable. (See Docket No. 572.) We address each argument in turn.

#### 1. Time Bar

ASCAP's petition for attorney's fees is not time barred. Under Local Civil Rule 54(a), the petition for attorney's fees must be filed within thirty days of the disposition of the appeal. L. Cv. R. 54(a) (2004) (amended 2010). The thirty-day limit did not even begin to run until the First

---

[2] Rather than arguing against fees in a response to ASCAP's motion on that subject, LAMCO misplaces these arguments in its opposition to ASCAP's motion to enforce. (See Docket No. 572.) ASCAP contributed to this confusion by grafting its application for fees to its earlier successful bid for execution of judgment. (See Docket No. 571.) We treat LAMCO's contentions in relation to ASCAP's motion for attorney's fees.

Civil No. 96-2312 (JAF)                                                                                                          -5-

Circuit affirmed our judgment on January 29 of this year (Docket No. 601). Therefore, ASCAP's petition from March 17, 2008, must satisfy the deadline.

**2.      Bar Under 17 U.S.C. § 412**

LAMCO argues that 17 U.S.C. § 412 precludes ASCAP from recovering attorney's fees in this case. (Docket No. 572.) Generally, in a suit for copyright infringement, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. However, "no award of . . . attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."[3] Id. § 412.

The issue before us is whether this bar applies to successful defendants, as well as successful plaintiffs in copyright cases. We find no case law in this Circuit, and scant authority elsewhere, interpreting the equity of § 412. Strictly construed, the provision appears to apply only to situations where plaintiffs have prevailed by proving an "infringement of copyright." See id.; O'Well Novelty Co. v. Offenbacher, Inc., 55 U.S.P.Q.2d (BNA) 1828 (4th Cir. 2000); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.10[B][1][d][2] (rev. ed. 2009). Read in pari materia with the general bar against civil actions where no efforts have been made to register the copyright, 17 U.S.C. § 411, the statute evinces an intent to encourage claimants to register their rights with the Copyright Office. See Johnson v. Gordon, 409 F.3d 12, 20 (1st Cir. 2005) (citing 2 Nimmer

---

[3] We note that "Caballo Viejo" was first published on January 12, 1981, and its copyright registration is dated August 16, 1983. Copyright Catalog (1978 to present), http://cocatalog.loc.gov (select "Registration Number" in basic search interface; then enter search term "PA0000186131") (last visited Mar. 11, 2010). Neither party presents evidence as to the date when the alleged infringement began.

& Nimmer, supra, § 7.16[B][2][b] to note that registration is prerequisite for copyright protection under § 411). While a bar against plaintiffs who fail to register reinforces this policy by inducing claimants to file with the office, see 2 Nimmer & Nimmer, supra, § 7.16[C][2], it would be illogical to require accused infringers to register the rights asserted by plaintiff–copyright claimants as a precondition to recovering attorney's fees. Therefore, we hold that the statutory bar under § 412 applies asymmetrically to prevailing plaintiffs and not to prevailing defendants like ASCAP.

### 3. "Ojos Chinos"

LAMCO further argues against the assessment of attorney's fees on the ground that it prevailed on an issue in earlier proceedings in this case. (Docket No. 572.) LAMCO refers to this court's finding in 2001 that LAMCO had priority in right over ASCAP as to the song "Ojos Chinos." (See Docket No. 172.) However, the current petition for attorney's fees (Docket No. 573) relates to our judgment dated March 3, 2008, in which the sole issue resolved by the jury was the ownership of "Caballo Viejo" (Docket No. 566). Because the parties proceeded to trial on that issue, our finding as to "Ojos Chinos" is irrelevant to the matter at hand.

### 4. **Reasonableness of Fee**

Having disposed of LAMCO's threshold arguments against attorney's fees, we now address LAMCO's substantive challenge to the general reasonableness of the attorney's fees claimed by ASCAP. (See Docket No. 572.)

In a copyright suit, "the court may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. "Such fees are to be awarded to defendants on an 'evenhanded' basis with

Civil No. 96-2312 (JAF) -7-

plaintiffs." Mag Jewelry Co. v. Cherokee, Inc., 496 F.3d 108, 122 (1st Cir. 2007) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994)).

At the threshold, the court must exercise its discretion to determine whether to award attorney's fees at all. See id. The court may consider, inter alia, the prevailing party's "frivolousness, motivation, [or] objective unreasonableness" in its prosecution or defense, as well as "the need in particular circumstances to advance considerations of compensation and deterrence." Id. (quoting Fogerty, 510 U.S. at 534 n.19). In inquiring into the party's objective unreasonableness, the court must account for "the factual and . . . the legal components of the case," id., and not overemphasize the "subjective good faith" of the litigant's tactics, see id.

Furthermore, the Supreme Court referenced the equitable considerations expounded in Hensley v. Eckerhart, 461 U.S. 424 (1983), as the proper guide for assessing the substance of claims under § 505. Fogerty, 510 U.S. at 534. In Hensley, the Court interpreted 42 U.S.C. § 1988 to award reasonable attorney's fees based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433. "In implementing this lodestar approach, the judge calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433. Following this initial calculation, the court should also "adjust the fee

Civil No. 96-2312 (JAF)                                                                                    -8-

upward or downward" in view of the "results obtained." Id. at 434.  At the same time, we heed the admonition that "[t]here is no precise rule or formula for making these determinations. . . .  The court necessarily has discretion in making this equitable judgment." Id. at 436-37.

First, LAMCO argues that ASCAP's demanded sum is objectively unreasonable because it is disproportionate to the handful of briefs it filed and to its efforts at a relatively quick trial.[4] (Docket No. 572.)  LAMCO's contention that ASCAP has made limited efforts since August 2005 belies the proceedings in this case.  ASCAP defended itself against an appeal by LAMCO in March 2007.  Latin Am. Music, 499 F.3d 32.  Afterward, ASCAP submitted numerous motions and appeared for several conferences in advance of trial.[5]  (See Docket Nos. 538; 545; 552; 553; 556; 558.)  We also note the many hours spent by ASCAP's counsel in preparation for the jury trial itself in February 2008.  (See Docket No. 573-2.)  Therefore, we find no objective unreasonableness in ASCAP's claim for fees.  See Mag Jewelry, 496 F.3d at 122.

Second, while LAMCO fails to assert further grounds to challenge the substantive reasonableness of the fee schedule, we nonetheless review the overall appropriateness of ASCAP's demanded amount.  See Diffenderfer v. Gómez-Colón, 606 F. Supp. 2d 222, 230 (D.P.R. 2009),

---

[4] In arguing that ASCAP's demanded fee is unreasonable, LAMCO also maintains that it brought, in good faith, legitimate claims for infringement on behalf of musical composers, and presented legal issues at trial that were of first impression in the First Circuit. (Docket No. 572.) LAMCO confuses its subjective good faith for the objective reasonableness of the efforts expended by ASCAP. It is the latter that concerns us in the inquiry at hand. See Mag Jewelry, 496 F.3d at 122. If anything, the complexity of the issues presented at trial works in favor of ASCAP, as it tends to support the objective reasonableness of its efforts in defending itself.

[5] ASCAP subsequently was obliged to defend itself in another appeal by LAMCO, see Latin Am. Music Co. v. ASCAP, 593 F.3d 95 (1st Cir. 2010), but ASCAP's efforts in that proceeding are beyond the scope of the present petition for attorney's fees (see Docket No. 573).

Civil No. 96-2312 (JAF)                                                                                                      -9-

aff'd, 587 F.3d 445 (1st Cir. 2009) ("[E]ven in the absence of opposition, we have a duty to ensure that the amount requested by prevailing opponents is reasonable.").

With respect to attorney's fees claimed for the work performed by lawyers from Fiddler González & Rodríguez, we note three crucial defects in the application: ASCAP's failure to submit credentials for the associates who worked on the case; the excessive proportion of tasks performed by a partner; and the practice of estimation by the half-hour to log activities. (See Docket No. 573-2.) As stated above, it is incumbent upon the petitioner to furnish information on its attorneys' qualifications. Hensley, 461 U.S. at 433. Without the submission of credentials, we cannot determine whether Oliver, Ramírez, and Cámara are admitted to legal practice in the District of Puerto Rico and are, thus, entitled to rates charged for attorneys. (See Docket No. 573-2.) According to the schedule, the firm charged a rate of $275 per hour for Oliver; $205 per hour for Ramírez; and $280 per hour for Cámara. (Id.) Without information as to these attorneys' qualifications, we lower their rates to that which we ordinarily paid to court-appointed lawyers for indigent defendants at the time.[6] Accordingly, we reduce the rates claimed for Oliver, Ramírez, and Cámara to $100 per hour. The resulting decrease of $8,668.50 from the original claim for $62,718.50 yields $54,050 in fees for work by the Fiddler firm.[7]

---

[6] CJA Rates, http://www.prd.uscourts.gov (select "for Attorneys" tab at top; then select "CJA Panel"; then click on hyperlink "CJA Rate Chart") (last visited Mar. 11, 2010).

[7] ASCAP claims 7.8 hours of work for Oliver; 68.7 hours for Ramírez, and 0.5 hours for Cámara. Therefore, at $100 per hour for each lawyer, we reduce the claimed total by $8,668.50 (Reduction = [$275 x 7.8 - $100 x 7.8] + [$205 x 68.7 - $100 x 68.7] + [$280 x 0.5 - $100 x 0.5] = $8,668.50). In other words, we allow $780 for Oliver; $6,870 for Ramírez; and $50 for Cámara.

We may impose an across-the-board reduction to account for inefficient distribution of work that tends to assign tasks to higher billing partners that could have been charged to associates. See Boston & Me. Corp. v. Moore, 776 F.2d 2, 9 (1st Cir. 1985) (noting that courts may reduce fees for inefficient use of law partners); see also Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 627 (6th Cir. 2004) (noting that district court had applied across-the-board reduction for "top-heavy" billing). Ramos, a partner at the Fiddler firm, claims a total of 154.5 out of the 231.5 hours claimed by the firm, approximately two-thirds of the time that the firm devoted to this case. (See Docket No. 573-2.) In terms of the items entered into the schedule, Ramos logged 161 out of the 196 items on the list of tasks performed in this case, or approximately four-fifths of the total. (See id.) This appears to be an inefficient delegation of work and we, therefore, further reduce the amount by ten percent, which yields $48,645.[8]

Next, we note that ASCAP's counsel at Fiddler regularly estimated time spent on tasks by the half-hour. (See Docket No. 573-2.) Ninety-one of 196 tasks on the schedule, or nearly one-half, apparently ended on the hour or half-hour. (Id.) This estimation is suspect because the billing program allows attorneys to compute time in six-minute increments; thus, one would expect a greater proportion of items rounded to the nearest six-minute segment, rather than the nearest half-hour segment. (See id.) However, we cannot be certain of the extent to which this practice has infected timekeeping, as it is conceivable that some of these items indeed required expenditures of

---

[8] $54,050 - 0.1 x $54,050 = $48,645.

Civil No. 96-2312 (JAF) -11-

time that ended on the hour or half-hour. We, therefore, impose only a ten-percent reduction for this defect.[9] Accordingly, the net result is $43,780.50 for work performed by the Fiddler firm.[10]

We now turn to the schedule for work performed by the attorneys of Holland & Knight. (See Docket No. 573-3.) The Holland firm claims 28.8 hours of work by Young, an experienced partner, at three different rates; 3.0 hours for McGovern, a mid-level associate, at $235 per hour; 0.4 hours for Mulcahy, also a mid-level associate, at $235 per hour; 3.5 hours for Hulme, a paralegal, at $105 per hour; and 12.2 hours for Myslinski, a law-school graduate, at $350 per hour. (Id.) ASCAP has furnished no information explaining the three different rates for Young's work. We, thus, take the lowest of his three rates, $320 per hour, to yield $9,216.

As for the two mid-level associates, ASCAP has failed to provide evidence of the prevailing rate in Boston for comparable attorneys. (See id.) We note that the typical rate for leading civil rights attorneys in the Boston area ranges from $200 to $350 per hour. United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 41 (1st Cir. 2008). There is no indication that McGovern and Mulcahy are leading attorneys in their field. Accordingly, we reduce their rates to $175 per hour to yield $595 for their tasks.

With respect to Hulme, "reasonable attorney's fees" under § 505 include fees for paralegal services. Cf. Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571 (2008) (interpreting analogous provisions under 5 U.S.C. § 504 and 42 U.S.C. § 1988). ASCAP's schedule lists 2.9 hours for

---

[9] We previously imposed an across-the-board reduction "where the fee request is so lengthy as to make an hour-by-hour review impracticable." Diffenderfer, 606 F. Supp. 2d at 231 (imposing twenty-percent reduction for firm's practice of billing by fifteen-minute increments, which tended to unreasonably inflate fee).

[10] $48,645 - 0.1 x $48,645 = $43,780.50.

Hulme's transit to and from the federal courthouse to deliver documents. (See Docket No. 573-3.) This task could have been performed by a less-expensive courier instead. We, therefore, reduce Hulme's billed time to 0.6 hours of work, which yields $63.

Lastly, ASCAP supplies no information on Myslinski's admission to the bar in any jurisdiction. (See id.) While she may indeed have expertise, we cannot ascertain that she is entitled to claim a rate equivalent to that of a partner. Without more than her law school diploma, we see no reason to permit Myslinski to claim more than the rate we earlier assigned to the Fiddler associates without documented credentials. See supra text accompanying note 6. Accordingly, we allow a rate of $100 per hour for Myslinski, which yields $1,220.

In sum, we permit $11,094 for work performed by the Holland firm. In view of the above computation, we authorize ASCAP to recover $54,874.50 in attorney's fees from LAMCO for the efforts expended by the two law firms.

**C.   Bill of Costs**

Costs are presumptively "allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); accord In re Two Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993). Under 28 U.S.C. § 1920, prevailing parties may recover as taxable costs their expenses for, inter alia, "transcripts necessarily obtained for use in the case;" "copies of any materials . . . necessarily obtained for use in the case;" and interpretive services. The district court may not expand the definition of taxable costs beyond this enumerated list. In re Two Appeals, 994 F.2d at 962. At the same time, "a district court may . . . exercise its discretion to disallow a prevailing party's bill of costs in whole or in part . . . [if it] articulat[es] reasons." Id. at 963. Such

Civil No. 96-2312 (JAF) -13-

reasons may include "some fault, misconduct, default, or other action worthy of penalty" on the part of the prevailing party. Id.

We now assess whether ASCAP's claimed expenses are taxable costs supported by evidence.[11] We find that ASCAP has adequately documented its expenditures for $90 in transcription services (Docket No. 573-8), $1,008.50 in photocopies (Docket No. 573-6), and $720.18 in translations (Docket No. 573-7). ASCAP has also furnished evidence of an expenditure of $80.25 for making copies of video recordings. (Docket No. 573-5.) We, therefore, allow these items as taxable costs.

We reject the other items listed by ASCAP. While fees for legal research are properly part of attorney's fees, InvesSys, Inc. v. McGraw-Hill Cos., 369 F.3d 16, 22-23 (1st Cir. 2004), ASCAP must request this amount under a separate demand for attorney's fees (see Docket No. 573-6); we, therefore, deny ASCAP's claim for $447.07 (see id.). We also deny ASCAP's claim for other expenses because they are not within the scope of recoverable costs. See 28 U.S.C. § 1920. Therefore, ASCAP may recover from LAMCO $1,898.93 in costs.

### III.

### Conclusion

For the reasons stated herein, we hereby **DENY** ASCAP's motion requesting enforcement of our order for execution of judgment (Docket No. 571), and **GRANT IN PART** ASCAP's motion

---

[11] ASCAP lists $3,361.54 in costs, comprising $90 for transcription services; $1,008.50 for photocopies; $720.18 for translations; and $1,542.86 for other costs, namely legal research, travel expenses for Ramos, and various charges for communications. (Docket No. 573-4.)

for attorney's fees and costs (Docket No. 573). We **ORDER** LAMCO to pay ASCAP $54,874.50 in attorney's fees and $1,898.93 in costs, a total of $56,773.43, plus interest accrued since March 17, 2008.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 17th day of March, 2010.

> s/José Antonio Fusté
> JOSE ANTONIO FUSTE
> Chief U.S. District Judge