UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

LATIN AMERICAN MUSIC CO., INC.,
et al.,

    Plaintiffs,

v.

ARCHDIOCESE OF SAN JUAN OF THE
ROMAN CATHOLIC AND APOSTOLIC
CHURCH, et al.,

    Defendants.

Civil No. 96-2312 (JAF)

**O R D E R**

On March 17, 2010, we issued an Opinion and Order requiring Plaintiff Latin American Music Co., Inc., to pay the American Society of Composers, Authors, and Publishers ("ASCAP") $54,874.50 in attorney's fees and $1,898.93 in costs. (Docket No. 602.) On March 29, Plaintiff moved for reconsideration under Federal Rule of Civil Procedure 59(e) (Docket No. 607),[1] which ASCAP opposes (Docket No. 609). Plaintiff argues that ASCAP's application for attorney's fees for services rendered between August 17, 2005, and February 29, 2008, is duplicative because ASCAP previously recouped such fees. (Docket No. 607.) However, the documents cited by Plaintiff relate to recoupment by other parties in this case and

---

[1] Under Rule 59(e), any party may move the court to alter or amend a judgment within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992).

Civil No. 96-2312 (JAF) -2-

to a prior request by ASCAP predating the period relevant to the instant request. (See id.) Plaintiff's brief otherwise fails to demonstrate a manifest error of law or the existence of newly-discovered evidence. (See id.) We, therefore, reject this attempt to avoid payment.

However, we take this opportunity to amend the Opinion and Order under Rule 59(e),[2] with respect to (1) the reduction in attorney's fees for services performed by Diego A. Ramos, ASCAP's counsel; and (2) several expenses claimed as costs by ASCAP: $577.80 in airfare for Ramos (Docket No. 573-9) and $956.97 in telephone charges, messenger services, electronic legal research, and postage (see Docket No. 573-6).

First, we reduced the fees claimed for Ramos' services by ten percent because of, inter alia, the high percentage of tasks performed by this partner as compared with those performed by lower-priced associates. (Docket No. 602.) The First Circuit has explained that such percentage calculations alone cannot support a reduction of fees. Boston & Me. Corp. v. Moore, 776 F.2d 2, 9 (1st Cir. 1985). "The appropriate question is whether the talents of a higher-priced attorney with special skills were fully engaged . . . ." Id. The First Circuit disfavors the court's second-guessing a firm's allocation of tasks where the prevailing party was satisfied with counsel's performance. Id. at 10.

---

[2] The First Circuit has not decided whether amendments under Rule 59(e) may be made sua sponte but has admonished district courts to afford parties an opportunity to be heard. Dr. José S. Belaval, Inc. v. Pérez-Perdomo, 465 F.3d 33, 37 (1st Cir. 2006) (citing authorities that suggest sua-sponte amendments are permissible).

Civil No. 96-2312 (JAF) -3-

Given the general tenor of First Circuit case law on this point, we amend our Opinion and Order to strike the ten-percent reduction of Ramos' requested fees. Accordingly, the adjusted amount of attorney's fees for Fiddler González & Rodríguez is $48,645.[3] Added to the $11,094 we previously allowed for work performed by Holland & Knight (Docket No. 602), this results in $59,739 in attorney's fees for ASCAP.

Second, with respect to the expenditures claimed by ASCAP as costs, ASCAP clarified that it claimed these expenses as "out-of-pocket" expenditures recoverable as attorney's fees under 17 U.S.C. § 505. (Docket No. 573-1.) We agree that ASCAP could recover these out-of-pocket expenses as part of attorney's fees. See InvesSys, Inc. v. McGraw-Hill Cos., 369 F.3d 16, 22 (1st Cir. 2004); see also Boston & Me. Corp., 776 F.2d at 11 (noting that expenses must be both reasonable and necessary). However, we find that the airfare claimed for Ramos was not reasonably necessary to the litigation because Ramos incurred this expense to care for an ailing relative rather than to work for ASCAP (Docket No. 573-1). See Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983) (holding that court has equitable discretion in determining reasonableness of fee under 42 U.S.C. § 1988); see also Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994) (adopting Hensley for analysis under 17 U.S.C. § 505). Furthermore, we note that ASCAP has failed to provide documentary evidence in support of its other claims for out-of-pocket expenses. (See Docket No. 573-4.) Accordingly, we also reject ASCAP's claim for

---

[3] Accounting for the other reductions we previously imposed (Docket No. 602), the resulting calculation of attorney's fees for Fiddler González & Rodríguez is as follows: $54,050 - 0.1 x $54,050 = $48,645.

Civil No. 96-2312 (JAF)                                                                                                           -4-

these expenditures. See Hensley, 461 U.S. at 433 (holding that courts may reduce fees for deficiencies in documentation). Thus, we need not make further alterations to our previous calculations of attorney's fees and taxable costs.

Accordingly, adding the adjusted amount for attorney's fees to the amount we previously allowed as costs, the total amount payable by Plaintiff to ASCAP is $61,637.93. Before we amend our Opinion and Order, however, we permit Plaintiff an opportunity to present its arguments against the proposed adjustment. See Dr. Jose S. Belaval, Inc., 465 F.3d at 37.

For the foregoing reasons, we hereby **DENY** Plaintiff's motion for reconsideration (Docket No. 607) and **DENY** as **MOOT** ASCAP's motion to strike (Docket No. 610). We **ORDER** Plaintiff to **SHOW CAUSE, on or before April 23, 2010**, as to why we should not amend, sua sponte, our Opinion and Order of March 17, 2010 (Docket No. 602) to reflect the reasoning stated herein and to adjust accordingly the amount payable by Plaintiff to ASCAP.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 7th day of April, 2010.

                                                                                 s/José Antonio Fusté
                                                                                 JOSE ANTONIO FUSTE
                                                                                 Chief U.S. District Judge